**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> VS. <br><br> **KEVIN NEIL PETERS,** <br><br> **Defendant** | **NO. 5: 09-CR-57 (HL)** <br><br> **VIOLATIONS: Firearms & Drug Related** |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. Defendant KEVIN NEIL PETERS was represented by Mr. Christopher Brian Jarrard of the Federal Defenders Office; the United States was represented by Assistant U. S. Attorney Verda M. Colvin. Based upon the evidence proffered to the court by counsel for the government and counsel for the defendant, as well as the contents of the Pretrial Services Report prepared in the Southern District of Georgia , I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☐ **(1)** There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

  ☐ under 18 U.S.C. §924(c).

☐ **(2)** The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☐ **(1)** There is a serious risk that the defendant will not appear.

☒ **(2)** There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the aforementioned Pretrial Services Report, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the safety of the community were defendant MARTIN to be released from custody. Although he has strong ties to the Middle District of Georgia, the offense charged against him in Count One is a serious one for which long-term incarceration can be expected in the event of a conviction or plea of guilty. His estimated guideline range is 41 months to 51 months. The weight of evidence is strong: when he was taken into custody in December of 2008, he was in possession of a firearm and a small quantity of methamphetamine. He has a felony conviction in Houston County, Georgia in 2006 for the offense of FORGERY, FIRST DEGREE. He also has what appears to be a misdemeanor conviction for POSSESSION OF METHAMPHETAMINE AND MARIHUANA in Walton County, Florida in 2005.

**Significantly, allegations of violation of probation on the Houston County FORGERY conviction have been made on five different occasions, resulting in two instances of probation revocation. In addition, Houston County has issued a new probation violation warrant for failing to report and failing to pay. The defendant also has pending in Bibb County, Georgia a December, 2008 charge of THEFT BY RECEIVING STOLEN PROPERTY; at the time of his apprehension on this particular charge, he is alleged to have been driving a stolen motor vehicle. The prosecutor herein relates that a similar charge will be forthcoming in McIntosh County, Georgia; at the time of his apprehension on the within federal charges, the defendant is alleged to also have been driving a stolen vehicle.**

**For the foregoing reasons, the undersigned finds that defendant MARTIN poses a danger to the community were he to be released from custody by virtue of his propensity to engage in criminal conduct even while on probation. Pretrial detention is thus mandated. IT IS SO ORDERED AND DIRECTED.**

## PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 7th day of OCTOBER, 2009.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE